## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WILKERSON, # N-63615,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-815-GPM** |
| | ) | |
| **RYAN HAMMOND, ILLINOIS** | ) | |
| **DEPARTMENT OF CORRECTIONS,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **CHRISTINE BROWN, SARAH** | ) | |
| **JOHNSON, TERRI ANDERSON,** | ) | |
| **and GODINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff David Wilkerson, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, based on events that transpired during his incarceration at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving two 60-year sentences for aggravated criminal sexual assault and aggravated kidnapping, and a 30-year sentence for attempted aggravated criminal sexual assault. Plaintiff sues Defendants for violation of his constitutional rights, discrimination, conspiracy, and retaliation under 42 U.S.C. § 1983, 42 U.S.C. §§ 1985-86, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. He also asserts a medical malpractice claim under Illinois law. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

**<u>The Complaint</u>**

Plaintiff is paralyzed and confined to a wheelchair, as a result of a spinal cord injury he sustained prior to his incarceration (Doc. 1, p. 2).  In the complaint, Plaintiff describes four separate incidents that occurred in connection with this medical condition while he was housed at Pinckneyville between June 6th and August 21st, 2012.  Although the allegations are often unclear, the four incidents are summarized, to the extent possible, below.

First, Plaintiff alleges that he cannot physically transfer himself into or out of his wheelchair without experiencing pain and risking further injury (Doc. 1, p. 5).  Rather than provide a trained medical professional to assist Plaintiff with these transfers, Pinckneyville staff routinely ordered other inmates to physically transfer Plaintiff into his wheelchair, shower, and bed (Doc. 1, p. 4).  These inmates had no medical training or supervision by medical staff.  As a result, they sometimes dropped Plaintiff or caused him to fall onto the floor.

Second, Plaintiff alleges that Pinckneyville correctional officers and medical staff conspired to deprive him of proper medical care in retaliation for filing grievances.  Together, they routinely denied Plaintiff treatment for bed sores and showers.  Showers were particularly important because Plaintiff required the use of a catheter and a colostomy and urine bag, which sometimes leaked or burst (Doc. 1, pp. 3-4).  Plaintiff could not clean himself up because he was denied shower access (Doc. 1, p. 4).  Consequently, he developed bed sores.  During the 3:00 p.m. - 11:00 p.m. shift, Pinckneyville medical staff refused Plaintiff's requests for treatment

of his bed sores or a shower, explaining that they were only dispensing medication (Doc. 1, p. 9). During the 11:00 p.m. – 7:00 a.m. shift, Pinckneyville correctional officers would then accuse Plaintiff of refusing treatment and showers.  Over time, Plaintiff's bed sores became infected. Upon transferring to Menard, Plaintiff tested positive for infection and required a three-week course of intravenous medications from August 24th - September 17th, 2012 (Doc. 1, p. 7).

Third, Plaintiff was subjected to the use of excessive force and denial of medical care by Defendant Hammond (Pinckneyville correctional officer) on June 20, 2012 (Doc. 1, p. 6).  At the time, Plaintiff was seated in his wheelchair and handcuffed, awaiting a shower and bed sore treatment.  Defendant Hammond grabbed Plaintiff's wheelchair from behind and repeatedly rammed it into the wall, causing Plaintiff to fall forward and hit his head.  Defendant Hammond then ran Plaintiff's wheelchair into another inmate and the exit doors.  Plaintiff sustained a knot on his forehead and broken, bleeding toenails.  When he requested medical attention, Defendant Hammond told him to "shut the f*** up."  Defendant Hammond denied Plaintiff a shower and treatment of his bed sores, head injury, and bleeding toenails (Doc. 1, p. 6).  Plaintiff was apparently denied medical treatment and a shower that day, and every day, from June 6th until August 21st, 2012 (Doc. 1, p. 7).  When Plaintiff asked why he was denied these services, other unidentified correctional officers told Plaintiff that he was on the "shit list."

Finally, Plaintiff asserts that Pinckneyville's showers and cells were inaccessible to him (Doc. 1, p. 5).  The showers had no handrails, non-slip flooring, or shower chairs with removable arms.  Plaintiff also could not safely access his cell (Doc. 1, p. 8).  Once inside, he was far removed from medical providers and supplies, and his cell lacked an emergency call button.

Plaintiff complained directly to Defendant Brown (Pinckneyville's health care unit administrator) about the denial of medical care, his lack of access to bathing facilities, and the

3

practice of allowing fellow inmates to transfer him (Doc. 1, p. 4).  Defendant Brown disregarded his complaints.  Plaintiff also filed grievances complaining about the denial of medical care and the conditions of his confinement to Defendants Johnson (ARB[1] member), Anderson (ARB member), and Godinez (IDOC[2] director), to no avail.

Plaintiff now sues Defendants Hammond, Brown, Johnson, Anderson, and Godinez, as well as Wexford Health Sources, Inc. ("Wexford") and the Illinois Department of Corrections ("IDOC"), for violations of the First, Eighth, and Fourteenth Amendments.  In addition, Plaintiff asserts statutory claims against Defendants under 42 U.S.C. §§ 1985-86, the ADA, 42 U.S.C. §§ 12101-213, and the Rehabilitation Act, 29 U.S.C. § 794.  Finally, he raises a state law medical malpractice claim.

## DISCUSSION

The Court finds it convenient to divide the complaint into nine counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Eighth Amendment claim for use of excessive force against Plaintiff.

**Count 2:**  Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs.

**Count 3:**  Eighth Amendment claim for unconstitutional conditions of confinement.

**Count 4:**  First Amendment claim for retaliating against Plaintiff for filing grievances.

**Count 5:**  Fourteenth Amendment claim for denying Plaintiff's grievances.

**Count 6:**  Conspiracy claim under 42 U.S.C. §§ 1985-86.

**Count 7:**  Rehabilitation Act claim under 29 U.S.C. § 794.

---

[1] For ease of reference, the Administrative Review Board is referred to as "ARB" throughout this Order.
[2] The Illinois Department of Corrections is referred to as the "IDOC" throughout this Order.

**Count 8:**  ADA claim under 42 U.S.C. §§ 12101-213.

**Count 9:**  State law medical malpractice claim for denying Plaintiff adequate medical treatment.

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## Count 1 – Excessive Force

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment excessive force claim (**Count 1**) against Defendant Hammond for injuring Plaintiff by repeatedly running him into a wall and door while Plaintiff was handcuffed and confined to a wheelchair.  Plaintiff shall be allowed to proceed on Count 1 against Defendant Hammond.

However, Plaintiff has not included sufficient allegations in the complaint to implicate the personal participation of any other defendants in this constitutional violation.  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  Therefore, to be held liable under § 1983, a defendant must have participated directly in the constitutional violation.  The complaint contains no allegations suggesting that Defendants Brown, Johnson, Anderson, or Godinez were directly involved in the assault.  Further, the IDOC is not a "person" within the meaning of the Civil Rights Act and is not subject to a § 1983 suit."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't*

5

*of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).  Finally, Plaintiff makes no allegation that Wexford played any role in this constitutional violation.  Therefore, Plaintiff shall not be allowed to proceed on Count 1 against Defendants IDOC, Wexford, Brown, Johnson, Anderson, or Godinez.

**Count 2 – Deliberate Indifference to Serious Medical Needs**

Plaintiff has articulated a colorable Eighth Amendment claim for deliberate indifference to his medical needs (**Count 2**) against Defendants Hammond and Brown for refusing Plaintiff's direct requests for medical care to treat his bed sores, injured toes, and/or head injury, and his requests for the assistance of trained professionals with his transfers.  Plaintiff has also stated a claim against Wexford for instituting a policy or practice of providing inmate-assisted medical care to Plaintiff, in violation of his constitutional rights.  *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (private providers of medical services to prisoners are treated like municipalities for purposes of § 1983).  Accordingly, Plaintiff shall be allowed to proceed with Count 2 against Defendants Hammond, Brown, and Wexford.

Plaintiff has failed to articulate an actionable Eighth Amendment deliberate indifference to medical needs claim against Defendants IDOC, Johnson, Anderson, and Godinez.  As explained above, the IDOC is not a "person" who is subject to a § 1983 suit.  *See Will*, 491 U.S. at 71.  Further, Plaintiff's allegations that Defendants Johnson, Anderson, and Godinez denied his medical grievances do not give rise to an Eighth Amendment claim for deliberate indifference to serious medical needs.  A cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance

6

procedure but he did not obtain the outcome he desired).   Plaintiff shall not be allowed to proceed on Count 2 against Defendants IDOC, Johnson, Anderson, and Godinez.

**Count 3 – Conditions of Confinement**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment conditions of confinement claim (**Count 3**) against Defendants Hammond, Brown, and Wexford for denying him showers and condoning and/or instituting inmate-provided medical assistance from June 6th until August 21st, 2012.   Accordingly, he shall be allowed to proceed on Count 3 against Defendants Hammond, Brown, and Wexford.

Count 3 fails against the remaining defendants for the same reasons that Count 2 failed against them.   Although the complaint contains many general allegations, Plaintiff fails to draw any connection between the unconstitutional conditions of his confinement and the actions of any other particular defendants.   The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment.   In order to prevail on this claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.   *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.   *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.   *Id.*   The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.   *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416

(7th Cir. 1987).  Plaintiff's complaint satisfies the objective component of this test.

However, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim, and this is where Plaintiff's complaint fails to state a claim for unconstitutional conditions of confinement against the remaining defendants.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124.  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).   Although Plaintiff's complaint plausibly suggests that Defendants Hammond, Brown, and Wexford were deliberately indifferent to inmate health or safety, it falls short of demonstrating that any other defendants acted with the requisite knowledge or state of mind.  Accordingly, Plaintiff shall not be allowed to proceed on Count 3 against Defendants IDOC, Johnson, Anderson, and Godinez.

## Count 4 – Retaliation

The complaint articulates a colorable retaliation claim (**Count 4**) against Defendants Hammond and Brown.  Therefore, Plaintiff shall be allowed to proceed with Count 4 against them.

However, the complaint falls short of stating a retaliation claim against any other defendants.  Prison officials may not retaliate against inmates for filing grievances or otherwise

complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  However, the Seventh Circuit has made it clear that:

> . . . not every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment.  Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred.  *Murphy v. Lane,* 833 F.2d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss).  *See also Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient").  Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*Cain,* 857 F.2d at 1143 n.6.  Plaintiff generally alleges that defendants retaliated against him. However, with the exception of Defendants Hammond and Brown, he does not point to a chronology of events from which retaliation can plausibly be inferred from the actions of the remaining defendants.  Accordingly, Plaintiff shall not be allowed to proceed with Count 4 against Defendants IDOC, Wexford, Johnson, Anderson, and Godinez.

## Count 5 – Denial of Grievances

To the extent Plaintiff attempts to state a claim for relief under the Fourteenth Amendment based on Defendants' denials of his grievances (**Count 4**), he fails to do so.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Similarly, Plaintiff's disagreement with the outcome of a grievance does not give rise to a cause of action.  Therefore,

Plaintiff's claim that Defendants disregarded or denied his grievances fails to state a claim upon which relief can be granted, even at this early stage in litigation.  Count 5 shall be dismissed from this action with prejudice.

## Count 6 – Conspiracy

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable conspiracy claim under 42 U.S.C. §§ 1985-86 (**Count 6**) against Defendants Hammond, Brown, and Wexford for instituting a policy of inmate-assisted medical care to Plaintiff and for denying him medical care and showers.  Accordingly, Plaintiff shall be allowed to proceed on Count 6 against Defendants Hammond, Brown, and Wexford.

The complaint falls short of stating a conspiracy claim against any other defendants.  The allegations describe, in some detail, the manner in which Plaintiff was routinely denied showers and assistance from trained medical staff.  Plaintiff alludes to correctional officers and medical staff on different shifts working together to deprive Plaintiff of proper medical care; however, the complaint does not include the names of particular officers and medical staff members who participated in the conspiracy, with the exception of Defendant Hammond, Brown, and Wexford.  The complaint also does not designate unknown defendants and include specific allegations against them.  These deficiencies are fatal, and Count 6 shall be dismissed against Defendants IDOC, Johnson, Anderson, and Godinez.

## Count 7 – Rehabilitation Act

Accepting Plaintiff's allegations as true, the Court finds that he has articulated a colorable claim against the IDOC under the Rehabilitation Act (**Count 7**) for refusing to accommodate his physical impairment.  Accordingly, he shall be allowed to proceed on Count 7 against the IDOC.

Count 7 fails against the remaining defendants.  Defendants Brown, Johnson, Anderson, and Godinez are all employees of the IDOC.  Employees of the IDOC are not amenable to suit under the Rehabilitation Act or the ADA.  *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012).  *See also* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).  The IDOC, not Wexford, is the appropriate defendant for a Rehabilitation Act claim.  Therefore, Count 7 shall be dismissed against Defendants Hammond, Brown, Wexford, Johnson, Anderson, and Godinez.

## Count 8 – ADA Claim

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable ADA claim (**Count 8**) against the IDOC, but Count 8 shall nevertheless be dismissed for the reasons set forth herein.  The relief available to Plaintiff under the ADA and the Rehabilitation Act is coextensive.  *Compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e-5 for private right of action).  As applied to this lawsuit, the statutory analysis is the same under the ADA and the Rehabilitation Act, except that the latter includes as an additional element the receipt of federal funds, which all states accept for their prisons.  *Cutter v. Wilkinson*, 544 U.S. 709, 716 n. 4 (2005).  Because Plaintiff can have "but one recovery," the Court may dispense with the ADA claim and allow Plaintiff to proceed with the Rehabilitation Act claim instead.  Accordingly, Count 8 is dismissed from this action with prejudice.

## Count 9 – Medical Malpractice

Plaintiff also asserts a "medical malpractice" claim (**Count 9**), based on the same conduct that gave rise to his Eighth Amendment claim.  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64

F.3d 285, 290 (7th Cir. 1995).  However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3]  A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

---

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be

Failure to file the required affidavit is grounds for dismissal of the claim.  *See* 735 Ill. Comp. Stat. § 5/2-622(g); *Sherrod*, 223 F.3d at 613.  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits.  Therefore, Count 9 is subject to dismissal.  Plaintiff shall be allowed 60 days from the date of this order to file the required affidavits for Defendant Brown, the only medical staff member whom he has been allowed to proceed against in this action.  Because the Court is not allowing Plaintiff to proceed against any other defendants, Plaintiff's medical malpractice claim against the remaining defendants shall be dismissed without prejudice.  Should Plaintiff fail to timely file the required affidavits, Count 9 shall be dismissed without prejudice.  *See* Fed. R. Civ. P. 41(b).

## PENDING MOTIONS

 Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for further consideration.

Plaintiff's motion for service of process at government expense (Doc. 4) shall be **GRANTED** in part and **DENIED** in part.  Service shall be ordered below for DEFENDANTS **HAMMOND, BROWN, WEXFORD HEALTH SOURCES, INC.** and **ILLINOIS DEPARTMENT OF CORRECTIONS**.  No service shall be made on the dismissed defendants.

---

unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

## DISPOSITION

**IT IS HEREBY ORDERED** that **DEFENDANTS JOHNSON, ANDERSON,** and **GODINEZ, and COUNTS 5** and **8** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that as to the negligence, or medical malpractice, claim in **COUNT 9** against Defendant **BROWN**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 60 days of the date of this order (or by January 7, 2014). Should Plaintiff fail to timely file the required affidavits, **COUNT 9** shall be dismissed**.**

The Clerk of Court shall prepare for **DEFENDANTS HAMMOND, BROWN, ILLINOIS DEPARTMENT OF CORRECTIONS,** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

14

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED:**  November 7, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge